1
2
3
4          **UNITED STATES DISTRICT COURT**
5              **DISTRICT OF NEVADA**
6
7   PIERRE MACHERET,                    )
                                         )        2:07-cv-00503-RCJ-RJJ
             Plaintiff,                  )
8                                        )
    vs.                                  )            **ORDER**
9                                        )
    MICHAEL CHERTOFF, et al.,            )
10                                       )
             Defendants.                 )
11  ─────────────────────────────────── )

12                   **INTRODUCTION**

13          This matter comes before the Court on Plaintiff's Motion for Summary Judgment (#21) and

14  Defendants' Motion to Dismiss (#26).  The Court has considered Plaintiff's and Defendants'

15  Motions and the pleadings on file on behalf of all parties.  IT IS HEREBY ORDERED that

16  Defendant's Motion to Dismiss (#26) is *granted*.  IT IS FURTHER ORDERED that Plaintiff's

17  Motion for Summary Judgment (#21) is *denied*.

18                   **BACKGROUND**

19          Plaintiff Macheret is a native and citizen of France seeking to become a permanent resident

20  of the United States. On or about July 6, 2005, Plaintiff filed with the California Service Center of

21  the United States Citizenship Immigration Services ("USCIS") an application for Adjustment of

22  Status (Form I-485) to become a permanent resident.  In 2006, after a year passed since filing his

23  application, Plaintiff inquired about his application status as the processing exceeded the I-485

24  published processing time.  Plaintiff was told that the FBI name check had not cleared.  Plaintiff's

25  application is still pending the FBI name check.

1   On or about March of 2007 the application was transferred to the Nebraska Service Center

2  ("NSC") of USCIS.  The regularly published Processing Dates Report from March 15, 2007, states

3  that the NSC is currently adjudicating employment based I-485 applications filed on or about August

4  10, 2006.  In comparison, Plaintiff's application was filed over one year prior to that date.

5                                                **ANALYSIS**

6   Plaintiff bases subject matter jurisdiction in this case on federal question jurisdiction, 28

7  U.S.C. 1331; the Mandamus and Venue Act (MVA), 28 U.S.C. § 1361; and the Administrative

8  Procedures Act (APA), 5 U.S.C.§ 701 *et seq.*  The Mandamus Act provides the district courts with

9  mandamus power "to compel an officer or employee of the United States or any agency thereof to

10  perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Similarly, the APA allows a court to

11  compel "agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

12  **I.      Subject Matter Jurisdiction.**

13   Defendants have moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction

14  and/or failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  Subject matter

15  jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Therefore, a

16  Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because the other

17  grounds for dismissal will become moot if dismissal is granted.  *Alvares v. Erickson*, 514 F.2d 156,

18  160 (9th Cir. 1975).

19   Mandamus jurisdiction is governed by 28 U.S.C. § 1361, which provides that the "district

20  courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer

21  or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28

22  U.S.C. § 1361.   "Mandamus writs, as extraordinary remedies, are appropriate only when a federal

23  officer, employee, or agency owes a nondiscretionary duty to the plaintiff that is so plainly prescribed

24  as to be free from doubt."  *Stang v. I.R.S.*, 788 F.2d 564, 565 (9th Cir. 1986).  Mandamus relief is

25                                              Page 2 of  6

available to compel an officer of the United States to perform a duty if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986). However, mandamus cannot be used to compel or control a duty which by law is given discretion. *See Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983).

Similarly, "[t]he APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute.'" *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 61, 124 S.Ct. 2373 (2004); 5 U.S.C. § 702. "[A]gency action is defined...to include 'the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*.'" *Norton*, 542 U.S. at 62 (emphasis in original). The APA provides relief for a failure to act by empowering the district court to compel an agency to perform a ministerial or nondiscretionary duty if the agency unlawfully withheld or unreasonably delayed in acting on a duty. *Id.* at 63-65; *see* 5 U.S.C. § 555(b) (Under the APA, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude the matters presented to it"). In short, a plaintiff may invoke subject matter jurisdiction under the APA, if he or she shows that the defendant (1) had a nondiscretionary duty to act, and (2) unreasonably delayed in acting on that duty. *Norton*, 542 U.S. at 63-65.

The exact interplay between these two statutory schemes has not been thoroughly examined by the courts, however, "the Supreme Court has construed a claim seeking mandamus under the MVA , 'in essence,' as one for relief under § 706 of the APA." *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Relief under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty. *See Id.* Additionally, courts finding a nondiscretionary duty to act and unreasonable delay have found

Page 3 of 6

1    jurisdiction under both the MVA and ADA, given that there is no other adequate remedy at law

2    available to the plaintiff.  *Toor v. Still*, 2007 WL 2028407 (N.D. Cal. July 10, 2007) ("Given my

3    conclusions as to jurisdiction under the APA, the first two elements of mandamus are met").

4           This Court's jurisdiction depends upon the classification of Defendants' duty in adjudicating

5    Plaintiff's I-485 application.  If the duty is ministerial, this Court has jurisdiction; if the duty is

6    discretionary, the Court lacks jurisdiction.  Defendants argue that the Court lacks subject matter

7    jurisdiction because the official duty at issue, adjudicating the I-485 application, is discretionary.

8    Defendants are correct in characterizing its duty to adjudicate Plaintiff's I-485 application as

9    discretionary.  Therefore, the Court lacks jurisdiction.

10          Plaintiff's complaint seeks a writ, either under the MVA or ADA, directing Defendants to

11   adjudicate his I-485 application.  8 U.S.C. § 1255(a) provides "the status of an alien who was

12   inspected and admitted or paroled into the United States...may be adjusted by the Attorney General,

13   *in his discretion* and under such regulation as he may prescribe."  8 U.S.C. § 1255(a) (emphasis

14   added).  Further, the statute does not set forth any time frame in which a determination must be made

15   on an application to adjust status.  Therefore, Plaintiff's right to immediate adjudication is not "clear

16   or certain" and Defendants' right as to the pace to proceed in adjudicating the I-485 is discretionary

17   rather than ministerial.

18          Furthermore, the lack of a specific statuary time frame by which the application must be

19   adjudicated stands in contrast to other section of immigration law that provide a specific time for

20   adjudication.  *See, e.g.,* 8 U.S.C. 1447(b) (code section specifically mandates that an application

21   under this section must be adjudicated within 120 days of an examination).  This contrast displays

22   the fact that congress was keenly aware of its ability to place time limits upon agency action in the

23   immigration context and its choice not to do so for I-485 adjustment of status applications.

24

25                                   Page 4 of  6

1

**CONCLUSION**

2      IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#26) is *granted*.  The Court

3   lacks jurisdiction to entertain Plaintiff's Complaint for mandamus relief as Congress has not enacted

4   applicable statutes vesting the Court with jurisdiction over the subject matter of Plaintiff's

5   Complaint.

6      IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (#21) is *denied*.

7   DATED: March 18, 2008

8

9   _____

     ROBERT C. JONES
10   UNITED STATES DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24   (jb)

25